United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIEWPOINT AT THE RIDGE OWNERS
ASSOCIATION,

        Plaintiff,

    v.

WALTER B. HERBERT, et al.,

        Defendants.
_____/

No. C 10-3414 PJH

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

Before this court is plaintiff Viewpoint at the Ridge Owner's Association's ("plaintiff" or "Viewpoint") motion for leave to file an amended complaint, which third-party defendant Jean Bates & Associates ("JBA") has opposed. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS plaintiff's motion, as follows.[1]

Fed. R. Civ. P. 15(a) requires that a plaintiff obtain either consent or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v.

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the December 14, 2011 hearing date is VACATED.

Davis, 371 U.S. 178, 182 (1962).  Here, plaintiff asserts that leave to file an amended complaint naming JBA – an existing third-party defendant in this action – as a defendant in addition to individual defendant Herbert is warranted, because plaintiff has only relatively recently (in March and June 2011) learned with sufficient certainty that additional claims against JBA may be stated.  Specifically, plaintiff seeks to assert claims that JBA breached certain duties of care that it owed plaintiff with respect to its management, operation and administration of plaintiff homeowner's association.  In support of its motion, plaintiff also notes that no deadline for amending the pleadings has yet been set by the court.

JBA does not materially dispute the timing of plaintiff's discovery of its claims (though it takes issue with the substance of such) or the present motion, but primarily contends that allowing amendment would destroy diversity jurisdiction – a fact that plaintiff concedes – and that in view of this result, the court should deny amendment, particularly because JBA is already a third-party defendant participating in the action, or else remand the matter to state court.

Since JBA does not appear to contend that amendment is futile, untimely, would cause undue prejudice, or is sought in bad faith, and in view of the liberality with which Rule 15(a) is to be construed, the court concludes that granting leave to file an amended complaint is proper here.  Plaintiff is entitled to amend its complaint to assert newly discovered claims against JBA that are related to the present controversy, especially in view of the fact that no deadline for amending the pleadings has yet been set.  For these reasons, plaintiff's motion is GRANTED.

However, as the parties furthermore concede, amendment would effectively destroy diversity jurisdiction – the court's sole basis for exercising federal subject matter jurisdiction over the action.  Since the court cannot, as a result, continue to exercise its jurisdiction over the action, the parties are hereby instructed to file a stipulated request to remand the action to the appropriate state court, once the proposed amended complaint has been filed.

Plaintiff must file the proposed amended complaint no later than December 15,

2011.  The parties shall file a stipulated request and order for remand of the action to state court no later than December 21, 2011

**IT IS SO ORDERED.**

Dated: December 8, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge